UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| Michael Duke Reeves, | |
| Plaintiff, | Civil Action No. 15-2532(SRC) |
| v. | **OPINION** |
| Jeh J. Johnson, in his official capacity as Sec. of DHS, et al. | |
| Defendants. | |

**CHESLER**, District Judge

This action arose out of Plaintiff's submission to this Court of a combination habeas petition and civil rights complaint, seeking relief based on his arrest and detention pending immigration removal proceedings. See Opinion, Reeves v. Johnson, 15cv1962 (D.N.J. March 24, 2015). The Court instructed Plaintiff that he must file his habeas petition and civil rights complaint separately. (Id.)

Plaintiff then filed the instant civil rights complaint, alleging defendants "aggressively target[ed] black and hispanic aliens and aliens with convictions that occurred over 10, 20, 30, or more years ago, without any temporal limitation; and

1

also, the unfair enrichment from unfairly destroying 100's of 1000's black and Hispanic families along with the future of many U.S. citizen children." (Compl. at 1, ECF No. 1.)[1] Plaintiff sued the following individuals in their official capacities: Jeh J. Johnson, Secretary of the Department of Homeland Security; Christopher Shanahan, New York Field Office Director; and Oscar Aviles, Warden of Hudson County Jail.

Because Plaintiff is proceeding in forma pauperis, the Court must review the complaint, and dismiss the complaint or any portion of the complaint, if the action is (1) frivolous or malicious; or (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

I.   BACKGROUND

In summary, Plaintiff alleged the following, taken as true for purposes of this screening only.

> . . . immigration authorities are in the business of aggressive racial profiling of black and Hispanics [sic] immigrants; and also the detention and removal of aliens because of convictions that occurred decades and decades earlier . . . this practice is being conducted in violation of due process, equal protection and discrimination against certain classes of aliens and more, which is violation of the constitution.

---

[1] At the time Plaintiff submitted the instant complaint, he was detained in Hudson County Correctional Facility in Kearney, New Jersey. On May 28, 2015, Plaintiff filed a Notice of Change of Address, advising that he is now being detained in Goshen, New York. (ECF No. 3.)

(Compl. at 2.) Nine out of ten immigrants who are detained or removed are either black or Hispanic. (Id.) Many immigrants are considered a danger to the community for convictions that took place decades ago. (Id.) DHS/ICE uses the false pretext of aliens presenting a danger to the public to unjustly enrich its employees and contractors, despite a memo from the Secretary[2] cautioning ICE to use prosecutorial discretion after addressing certain factors, including:

> Extended length of time since the offense of conviction; length of time in the United States; Military Service; family or community ties in the United States; status as a victim, witness or plaintiff in a civil or criminal proceedings; or compelling humanitarian factors such as poor health, age, pregnancy, a young child, or a seriously ill relative.

(Id. at 4.)

The Secretary of Homeland Security "has put no real mechanism into place to see to it that his directives are being followed . . ." (Id. at 5.) "The plaintiff here, along with thousands of aliens, their families and U.S. citizen children, vehemently challenges DHS/ICE unfair enforcements and abuse of discretion by using the loophole in the hole to exploit families of loved ones who committed offenses decades ago." (Id. at 10.)

---

[2] The exhibit described in the complaint, a November 20, 2014 Memorandum by Jeh Johnson, Secretary of the Department of Homeland Security, was not attached to the complaint. (ECF No. 1.)

3

In support of this Court's jurisdiction over his claims, Plaintiff stated:

> Here, in a situation where an action is continually targeting a special class or constitutionally unfair, questionable or just simply unreasonable in every respect, federal court needs to intervene because it present the only arena where this issue can be challenged. In the same way the court has taken actions in many other similar situations with other issues and when a law or statute was unfair or unreasonable, the same jurisdiction should be exercise[d] in the same manner to address the indiscriminant targeting of "easy target" aliens with decades and decades old convictions.

(Compl. at 9.)

For relief, Plaintiff seeks monetary damages for himself, his daughter, his wife, and other similarly situated families;[3] creation of a trust fund to financially support and counsel children who are United States citizens and whose parents were deported based on old conviction; and creation of a trust fund for educational campaigns about deportation directed at U.S. citizen children of parents deported based on old convictions; and permanent injunctive relief. (Compl. at 8-9.) Plaintiff also submitted a motion for a temporary restraining order. (ECF No. 1-2.)

---

[3] Plaintiff appears to seek to represent a class of similarly situated persons. To do so, he must meet the requirements of Federal Rule of Civil Procedure 23. See Hassine v. Jeffes, 846 F.2d 169, 177-80 (3d Cir. 1988) (describing the requirements for class certification).

II. DISCUSSION

    A.    STANDARD FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain actions that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must also determine whether it has subject matter jurisdiction over the complaint. Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003) ("because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt.")

A court must liberally construe a document filed pro se. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The Court must also "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he statement need only 'give the defendant fair

5

notice of what the ... claim is and the grounds upon which it rests.'" Erickson, 551 U.S. at 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

When assessing the sufficiency of any civil complaint, a court must distinguish factual contentions alleging behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. at 679. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Although the Court must assume the veracity of the facts asserted in the complaint, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 678 (citation omitted).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34

(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002)(dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

  B.  ANALYSIS

The Court must first determine whether it has subject matter jurisdiction over Plaintiff's claims. Judicial review of certain claims by aliens challenging removal decisions and actions by the Attorney General is limited by statute. Title 8 U.S.C. § 1252(g) provides:

> Exclusive Jurisdiction.—Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

The instant complaint contains general allegations that immigration authorities abuse their prosecutorial discretion over detention and removal to unjustly enrich their agency, and with a disproportionate impact based on race. The jurisdiction-stripping provision of § 1252(g) seeks to protect the Attorney General from claims challenging the exercise of prosecutorial discretion. See Chehazeh v. Atty. Gen. of U.S., 666 F.3d 118, 134 (3d Cir. 2012) ("[S]ection 1252(g) was 'directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion'") (quoting Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482 (1999)).

Section 1252(g) does not bar all claims related to removal proceedings. Id. For example, equal protection claims were not barred by § 1252(g) where the decision to commence removal proceedings against the plaintiffs was not made until after they had been the subject of allegedly unlawful entry and detention. Diaz-Bernal v. Myers, 758 F.Supp.2d 106, 124-25 (D. Conn. 2010). Here, however, the complaint is devoid of any factual allegations concerning the circumstances of Plaintiff's arrest. Unless Plaintiff's arrest and his resulting constitutional injury occurred outside of the Attorney General's decision to commence proceedings against him, and/or outside the decision to adjudicate his case, this Court lacks jurisdiction to hear his claims.

III. CONCLUSION

In the accompanying order, the Court will dismiss the complaint for lack of subject matter jurisdiction. Plaintiff will have an opportunity to amend his complaint to demonstrate subject matter jurisdiction over his claims, and to correct any other deficiencies in his pleading.

7/7/15

_____
STANLEY R. CHESLER
United States District Judge